JUSTICE RICE
concurring.
¶58 I agree with the conclusion reached in Justice Warner’s concurrence that the statutes permit the distinctions which were drawn by the DOR between the utility properties at issue here. I would only note that the Legislature did not mandate that such particular distinctions be made, but, rather, authorized them to be made pursuant to the very broad discretion regarding the assessment of this tax which it delegated to DOR. The breadth of this discretion is quite notable.
¶59 The citizenry may assume that the Legislature sets tax levels for major corporations, but, as this case illustrates, that may be true only in a broadly general sense. Under the DOR’s “unit method of valuation,” including the application of such factors as trending indices, depreciation and use analyses, the DOR unilaterally increased PPL’s property value assessment by a phenomenal 50 percent in one year-with corresponding increases in PPL’s tax bill. I say that the DOR acted “unilaterally” because this large tax increase was accomplished without the passage of any legislation by the Legislature for the purpose of increasing taxes in this manner. Indeed, not a single legislative vote was cast. Significant impacts such as this may explain why the bureaucracy has been referred to by some as “the fourth branch of government.” As with any broad delegation of authority, there is a potential for abuse.
¶60 DOR defends its currently employed version of the unit method *140 of valuation and argues it is constitutional. I do not necessarily disagree, but in my view that is not the real issue here. The issue is whether the DOR, in applying the factors within the unit method, has exercised its discretion in a way that offends equal protection. However, PPL’s challenge, which focuses on the outcome-that is, the disparities in the respective tax bills of the utilities involved-simply has not proved a violation of equal protection premised upon a misapplication of the unit method’s factors. PPL does not contest STAB’s finding that DOR used an equal approach in applying the unit method to assess the properties owned by PPLM, Puget and Avista. Given that there is no dispute over this factual finding, I concur in the Court’s decision to affirm. Whether a challenge focused upon DOR’s application of individual factors within the unit method of valuation would establish a constitutional violation is a question which may be raised another day.